IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **SUZANNE CAMERON, et. al.**, <br><br> Plaintiffs, <br><br> v. <br><br> **JOSHUA J. FRANZEL, STS TRANSPORTATION, LLC, and HARTFORD FIRE INSURANCE COMPANY**, <br><br> Defendants. | Civil Action No. 7:21-cv-113-HL |

## ORDER

Before the Court is Defendant Joshua J. Franzel's Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. 40). Concluding that Plaintiffs failed to comply with the Federal Rules of Civil Procedure and the Court's Scheduling and Discovery Order, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiffs' Amended Complaint.

### I.   Procedural Background

This case originates from a motor vehicle accident that occurred on June 22, 2019 on Interstate 75 North in Tift County, Georgia. Plaintiffs James and Suzanne Cameron were driving when they were hit by an overturned tractor trailer driven by Defendant Joshua Franzel who worked for STS Transportation, LLC. Plaintiffs filed their Complaint on May 7, 2021. On September 29, 2021, the Court entered its Scheduling and Discovery Order. This order stated that "all motions

seeking to amend the pleadings or to join parties must be filed no later than November 26, 2021." (Doc. 36).

On December 22, 2021, Plaintiffs filed an Amended Complaint, adding Trinity Mendoza as a party-plaintiff to the suit and asserting claims against Defendants on her behalf.[1] Defendant Franzel filed a Motion to Dismiss Plaintiffs' Amended Complaint, observing that Plaintiffs failed to seek leave of the Court to join a party and to amend their original Complaint as required under Federal Rules of Civil Procedure 21 and 15 and under the terms of the September 29, 2021 Scheduling and Discovery Order. On March 3, 2022, this Court held a telephone conference with the parties to discuss the pending issues.

## II.  Federal Rules of Civil Procedure 21 and 15

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a party's pleading shall be "freely given when justice so requires." Under this rule, "leave to amend should be liberally granted when necessary in the interest of justice." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). "Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* "Substantial reasons justifying a denial include undue delay, bad faith, dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, and

---

[1] Trinity Mendoza is a minor who was present in the vehicle on the day of the incident.

2

futility of amendment." *Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001).

"Notwithstanding the Rule 15(a) principles governing a motion to amend, when a motion to amend is filed after the court has issued its scheduling order, the movant must first demonstrate good cause under Rule 16(b) before the court considers the amendment's propriety under Rule 15(a)." *Bower v. American Heart Ass'n, Inc.*, 513 F.Supp.2d 1364, 1367 (N.D. Ga. 2007); *see also Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 N.2 (11th Cir. 1988) (Rule 16 sets out the "good cause" standard for motions to amend filed after the amended pleading deadline). This rule permits modification of the scheduling order where "the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* at 1418.

Under Rule 15, Plaintiffs were required to seek leave of the Court to amend. The Scheduling Order sets the deadline to file a motion to amend. Plaintiffs failed to meet that deadline. Even if Plaintiffs had timely moved, the Amended Complaint should be denied because Plaintiffs were not diligent in seeking to amend their Complaint and thus have not provided good cause for the Court to permit their proposed amendment.

## CONCLUSION

The Court finds that Plaintiffs failed to follow proper procedure for adding a party to the lawsuit after the deadlines had passed. Therefore, the Court **DISMISSES** Plaintiffs' Amended Complaint.

**SO ORDERED** this 15th day of March, 2022.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

erj